**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PETE C. JARAMILLO,

        Plaintiff,

v.                                                          CIV 99-1266 JP/KBM

KENNETH S. APFEL,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS**

        This matter came before the Court on Defendant's Motion to Dismiss *(Doc. 6)*, and following supplemental briefing ordered by the Court on the question whether Plaintiff has stated a colorable constitutional claim *(Doc. 8)*. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is not well taken and that the disability claim of Mr. Jaramillo should be decided on its merits.

**A. Introduction.**

        Defendant argues that the Court should dismiss Plaintiff's (Jaramillo's) complaint on the basis of *res judicata*. That is, since the Commissioner has already denied Jaramillo's claim for disability on the same facts that exist in this case, and Jaramillo did not appeal, there is no final decision of the Commissioner to afford jurisdiction to this Court over the action. *See* 42 U.S.C. § 405(g).

1

## B.  Facts/Procedural Background.

Jaramillo applied for a period of disability and disability insurance benefits September 22, 1992.  His *pro se* application was initially denied January 7, 1993, and again on reconsideration April 19, 1993.  Jaramillo did not appeal.  With the assistance of counsel, Jaramillo filed a second application on February 17, 1994 which was also denied.

After a requested reconsideration was unsuccessful, Jaramillo sought a hearing before an administrative law judge (ALJ).  The ALJ denied Jaramillo's request for a hearing on the basis of *res judicata*.  The ALJ reasoned that Jaramillo had lost the right to further review by failing to appeal the decision on his first application.  *See* 20 C.F.R. § 404.987.  The ALJ further determined that there was no good cause to reopen what had become a final and binding decision under §§ 404.987 through 404.989.

In denying the request for hearing, the ALJ rejected Jaramillo's contention that *res judicata* should not apply because he had been unable to read and understand notices given him by the Social Security Administration concerning procedures for appeals.  The ALJ discounted Jaramillo's allegations of poor reading ability based upon the following evidence: Jaramillo testified that he had attended TVI and learned and performed sheet metal work; an unsigned report noted that Jaramillo read the newspaper and Farm Journal for about a half hour a day; signed forms denying problems with reading and writing and indicating his understanding that the decision on the first application was unfavorable to him; and Jaramillo's request for hearing.  *Memorandum in Support of Motion to Dismiss, Exh. 2 to Declaration*.

Before the Appeals Council, however, Plaintiff's attorneys presented additional evidence from Clifford Morgan, Ph.D., to the effect that Jaramillo's reading comprehension, possibly

related to a visual processing impairment, was at the1.6 grade level. Dr. Morgan concluded that Jaramillo is "functionally illiterate" and can not "be expected to participate in reading or written communication." *Plaintiff's Response, Exh. C,. 3-4*. Expressly noting that the Appeals Council had considered this report, it nonetheless affirmed the ALJ's decision without providing any analysis or discussion.

### C.  Discussion.

In general, a federal court has jurisdiction to review only final decisions of the Commissioner of Social Security made after a hearing. 42 U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Because an administrative decision declining to reopen a prior claim or denying a subsequent claim on *res judicata* grounds does not require a hearing, it is not a "final decision ... made after a hearing" as required for jurisdiction under § 205(g) of the Act. *See Califano v. Sanders*, 430 U.S. 99, 107-08 (1977).

Because *res judicata* is an affirmative defense, however, Plaintiff contends that the Commissioner waived the defense if he had not raised it prior to the ALJ's initial determination on the second application, citing to *Kane v. Heckler*, 776 F.2d 1130 (3rd Cir. 1985). Thus, when I ordered more briefing on the constitutional claim, I expressly ordered production of this initial determination on the second February 17, 1994 application. Ms. Carol Stone, Acting Chief of the court case preparation and review section of the Office of Hearings and Appeals has declared that the transcript does not contain a copy of the initial determination.

It would appear, however, that Plaintiff's waiver argument may fail even if *res judicata* was not raised before the ALJ's initial determination. Several courts have found that the Appeals Council can dismiss a subsequent application on *res judicata* grounds even if an earlier decision of

3

the ALJ expressly or constructively reopened the prior application.  *See Tobak v. Apfel*, 195 F.3d 183, 187 (3rd Cir. 1999); *Ellis v. Schweiker*, 662 F.2d 419, 419- 20 (5th Cir.1981);  *Harper v. Secretary of Health & Human Servs.*, 978 F.2d 260, 261-62 (6th Cir.1992); and *Johnson v. Sullivan*, 936 F.2d 974, 975-76 (7th Cir.1991).  For the reasons that follow, I need not address the waiver argument further.

A district court has jurisdiction to review administrative *res judicata* determinations, even without a final order, when a colorable constitutional claim exists.  *Nelson v. Secretary of Health & Human Servs.*, 927 F.2d 1109, 1111 (10th Cir. 1990).   A colorable constitutional claim must have some merit, and must not be wholly insubstantial or frivolous.  *Koerpel v. Heckler*, 797 F.2d 858, 863 (10th Cir. 1986) (citations omitted).  Jaramillo contends that he has stated a colorable constitutional claim, arguing here as he did before the ALJ, that he was denied due process because he was functionally illiterate, without counsel as to his first application, and therefore "unable to understand and protect his legal rights."

In support of his argument, Jaramillo cites *Tucker v. Sullivan,* 779 F. Supp. 1290 (D. Kan. 1991).  In *Tucker*, the *pro se* claimant had failed to appeal further a denial of his application for disability insurance benefits.  More than three years later, the claimant applied again, was denied again, and this time with counsel, requested a hearing before an ALJ.  The ALJ refused to reconsider his previous claim, finding no basis for doing so.  *Id.* at 1293.  Before the ALJ and the district court, the claimant argued that his mental impairment precluded him from complying with the administrative procedures.  *Id*. at 1296.  The district court held that the claimant had stated a colorable due process claim, and that application of administrative *res judicata* was therefore improper.  *Id*.

4

In arriving at its decision, the *Tucker* court relied in part on *Elchediak v. Heckler*, 750 F.2d 892 (11th Cir. 1985), which held that administrative res judicata would not bar an application where the very disability that formed all or part of the basis of the claim had deprived the claimant of the ability to understand or act upon the notices of available procedures.  The due process deficiency lay not in the content of the notices, but in the claimant's inability to understand and act upon them.  *Id*. at 894 (quoting *Parker v. Califano*, 644 F.2d 1199, 1203 (6th Cir. 1981)).  *Elchediak* gave three dispositive factors:  (1) the claimant's medically documented mental illness formed the basis of his disability claim; (2) he did not have counsel for his prior application; and (3) he cannot assert a new claim because his insured status expired.  *Elchediak*, 750 F.2d at 895; *see also* Social Security Ruling 91-5p (improper application of res judicata or administrative finality when evidence establishes that a claimant lacked the mental capacity to understand how to request review).[1]

In Jaramillo's case, it appears that several physical problems formed the primary basis for his claim of disability.  *Response, Exh. C*.  His difficulty with reading, which is at about the first grade level, was also before the Appeals Council, and would have been a factor to consider in determining disability.  *Id*.; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Para. 201.00 (discussing the impact of illiteracy on scope of available jobs).  Furthermore,  Jaramillo's alleged reading difficulties reasonably had the same effect on his ability to prosecute his claim as would a mental impairment.  Like the claimant in *Tucker*, Jaramillo did not have the benefit of counsel for his prior application, and he cannot assert a new claim because his insured status expired December

---

[1] The Tenth Circuit has cited *Elchediak* and S.S.R. 91-5p favorably, persuading me that my decision tracks the law of this circuit. *See London v. Apfel*, 202 F.3d 282, 1999 WL 1244475 (Unpublished Decision, 10th Cir.1999) (attached).

31, 1992.  I therefore conclude that Jaramillo has stated a colorable constitutional claim of a denial of due process.

Moreover, the Commissioner's reliance on evidence suggesting that Jaramillo could read begs the question.  The signed forms, which indicated an understanding of his appeal rights and lack of problems with reading, are meaningless if he was unable to read and comprehend those documents.  An unsigned report indicating that Jaramillo read a newspaper and Farm Journal for half an hour a day means little or nothing without also knowing what he read and how much he understood.  His learning and performing sheet metal work lead to no reliable inferences without knowing how much Jaramillo had to read, if anything, to accomplish these tasks.  Finally, Jaramillo's reliance on his wife to read for him is evidence of his own inability to do so.  It follows that the evidence upon which the Commissioner relied in rejecting Jaramillo's constitutional claim, especially in light of Dr. Morgan's findings, was not substantial.  *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994) (substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion).

### C. Conclusion.

In sum, I find that Jaramillo has stated a colorable constitutional claim that his inability to read resulted in a denial of due process.  I therefore conclude that Jaramillo's disability claim should be decided on its merits.

Wherefore,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED that the parties shall adhere to the following briefing schedule in this case:

(1)     Plaintiff shall file a Motion to Reverse or Remand Administrative Agency with Supporting Memorandum on or before **Wednesday, August 16, 2000;**

(2)     Defendant shall file a Response on or before **Monday, October 16, 2000;**

(3)     Plaintiff may file a Reply on or before **Tuesday, October 31, 2000;**

(4)     All supporting memoranda filed pursuant to this Order shall cite the transcript or record in support of assertions of fact and shall cite authority in support of propositions of law; and

(5)     **All requests for extensions of time altering the deadlines set in this Order shall be made through a motion to the Court.**  If the parties concur in seeking an extension of time, they shall submit a stipulated proposed order to the Court for approval.

_____
UNITED STATES MAGISTRATE JUDGE

Counsel for Plaintiff:      Gary J. Martone
                            Francesa J. MacDowell
                            A. Michelle Baca
                            Albuquerque, NM

Counsel for Defendant:      Raymond Hamilton
                            Albuquerque, NM

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

202 F.3d 282 (Table)
1999 CJ C.A.R. 6734
**Unpublished Disposition**
**(Cite as: 202 F.3d 282, 1999 WL 1244475 (10th Cir.(Colo.)))**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA10 Rule 36.3 for rules regarding the publication and citation of unpublished opinions.)

**Loretta L. LONDON, Plaintiff-Appellant,**
**v.**
**Kenneth S. APFEL, Secretary of the Department of Health and Human Services,**
**Defendant-Appellee.**

**No. 99-1146.**

United States Court of Appeals, Tenth Circuit.

Dec. 20, 1999.

Before EBEL, LUCERO, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT [FN*]

FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

LUCERO.

**\*\*1** Plaintiff-appellant Loretta L. London appeals the district court's order affirming the decision of the Secretary of Health and Human Services to refuse to reopen her applications for disability benefits. [FN1] We affirm. [FN2]

FN1. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App. 34(f); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.

FN2. The Social Security Administration addressed Ms. London's claims prior to March 31, 1995, when the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. See Pub.L.No. 103-296. Pursuant to Fed.R.App.P. 43(c), Kenneth S. Apfel is substituted as the defendant in this action for Donna E. Shalala, the Secretary of Health and Human Services. Although we have substituted the Commissioner for the

8

> Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

## BACKGROUND

In a September 17, 1983 automobile accident, Ms. London sustained multiple injuries: a fractured right femur and ankle, scalp and facial lacerations, and a cerebral concussion. Since then, she has filed four sets of applications for disability insurance benefits under Title II of the Social Security Act and supplemental security income (SSI) under Title XVI of the Act alleging disability arising from the accident. In her first two applications, filed in 1983 and 1984, Ms. London alleged that she was disabled because a rod inserted in her right leg made it difficult to stand for long periods of time. These applications were denied and Ms. London did not appeal the determinations. Ms. London last met the special insured status requirements for disability insurance benefits on December 31, 1988. [FN3]

> FN3. A claimant seeking disability insurance benefits under Title II must show that she became disabled during the period in which the special insured status requirements were met. See 42 U.S.C. § 423(c).

In December 1989, Ms. London filed a third set of applications. Her disability insurance claim was denied and her SSI claim deferred. Ms. London did not appeal the denial of disability insurance benefits.

At issue in this case is Ms. London's fourth set of applications, filed in September 1991, alleging disability from lower back pain, nervousness, and side effects from pain medication. She claimed entitlement to benefits dating back to the 1986 accident, on the theory that her earlier applications should be reopened because new and material evidence of mental disability showed that she was incapable of pursuing an appeal at the time they were denied. Upon administrative denial of her claims, Ms. London appealed.

After a hearing, the administrative law judge (ALJ) determined that Ms. London had demonstrated that, as of September 9, 1991, the date of her last SSI application, she was disabled by chronic pain syndrome related to soft tissue problems; probable degenerative joint disease of the right hip; right plantar fasciitis; anxiety, personality, and substance addiction disorders; and possibly an organic mental disorder. Accordingly, she met the disability requirement for SSI as of that date.

The ALJ, however, explicitly determined that Ms. London had not met the conditions for reopening the earlier SSI applications, see 20 C.F.R. § 416.1488, [FN4] and that the doctrine of res judicata barred the reopening of the disability insurance applications, see 20 C.F.R. § 404.957(c)(1). [FN5] The ALJ found that, "[a]lthough the recent medical evidence of record indicates that the claimant may have some cognitive dysfunction, there is simply no persuasive evidence ... that the claimant was mentally incapable of doing things for herself at the time the appeal periods expired...." Appellant's App. at 56. In a similar vein, he stated that,

> FN4. Section 416.1488, as in effect at the time of the hearing, provided:
> A determination, revised determination, decision, or revised decision may be reopened--

9

(a) Within 12 months of the date of the notice of the initial determination, for any reason;
(b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.1489, to reopen the case; or
(c) At any time if it was obtained by fraud or similar fault.
In 1994, subsection (c) was amended to "make it clear" that the Secretary follows a general policy of "tak[ing] into account any physical, mental, educational, or linguistic limitations of an individual (including any lack of facility with the English language)" in determining whether an application may be reopened. 59 Fed.Reg. 1629, 1630 (1994).

FN5. Section 404.957(c) permits a dismissal upon an ALJ's decision:
that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because--
(1) The doctrine of res judicata applies in that [the Secretary has] made a previous determination or decision under this subpart about [the claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action.

[a]lthough the claimant may currently have some cognitive deficits, as well as other mental limitations, these nonexertional limitations are simply not documented in the evidence of record for the period prior to December 31, 1988, the date the claimant was last insured or prior to August 9, 1990, the previous denial date of the claimant's application for supplemental security income. Although the Administration in the previous denials in this case acknowledged the fact that the claimant sustained a head injury, there is no documentation in the record prior to December 31, 1988, or August 1990, that would indicate that the claimant was unable to think clearly, act in her own interests, or that she was unable to get along with others. There is no convincing evidence prior to December 1988 that indicates that the claimant was mentally incapable of handling her own affairs....
**\*\*2** Id. at 58.

Because the ALJ found no basis for reopening Ms. London's earlier applications, he determined that she was not entitled to any period of disability insurance benefits or SSI prior to the filing date of her last application. The Appeals Council denied review of the ALJ's determination. Thus, the Secretary's final decision was that Ms. London was currently disabled, that there was no good cause to reopen the prior applications, and that consequently the earliest onset date consistent with administrative res judicata was September 9, 1991, the date of her last SSI application. On judicial review, the district court denied relief.

### DISCUSSION

Generally, federal courts do not have jurisdiction to review refusals by the Secretary to reopen claims for disability benefits. See Califano v. Sanders, 430 U.S. 99, 107 09 (1977); Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir.1990) (per curiam). In Sanders, the Supreme Court
noted that the clear language of Section 205(g) indicated that the federal courts'

jurisdiction under the [Social Security] Act is limited to review of a "final decision of the Secretary made after a hearing." [Sanders, 430 U.S.] at 108. The Court held that because a petition to reopen may be denied without a hearing Congress did not intend Section 205(g) to provide the jurisdictional predicate for judicial review of the Secretary's decision not to reopen a prior final decision. Id.

Parker v. Califano, 644 F.2d 1199, 1201 (6th Cir.1981). "Since the advent of Sanders, the courts have held that, absent a colorable constitutional claim, federal courts are without jurisdiction to review the Secretary's denial of benefits on the basis of res judicata." Id. (citations omitted).

Accordingly, there is no judicial review of any claim that the Secretary's refusal to reopen Ms. London's earlier applications was unsupported by substantial evidence. This bar applies to arguments that the Secretary erroneously concluded that the evidence Ms. London submitted was not new or material. See Dvareckas v. Secretary of Health & Human Servs., 804 F.2d 770, 772 (1st Cir.1986) (noting that "[w]hether additional medical reports are new or material or warrant reopening is precisely the type of issue which, absent a constitutional claim, we may not review"). It also disposes of the claim that the ALJ failed to make a proper onset determination.

To obtain relief in the judicial system, Ms. London must present a colorable constitutional claim which vests the courts with jurisdiction to review the refusal to reopen her prior applications. The existence of a such a claim is a question of law for the court to decide, see Wills v. Secretary, Health & Human Servs., 802 F.2d 870, 872 (6th Cir.1986), which we review de novo, see Dang v. UNUM Life Ins. Co. of Am., 175 F.3d 1186, 1187 (10th Cir.1999). In reviewing the findings of fact upon which the Secretary's determination is anchored, however, we must determine whether they are supported by substantial evidence. See Wills, 802 F.2d at 873; see also Shepherd v. Apfel, 184 F.3d 1196, 1199 (10th Cir.1999).

**\*3** Several courts have held that a claimant who has a mental disability raises a colorable due process claim by alleging that the disability prevented the claimant from proceeding in a timely fashion from one administrative stage to the next. See, e.g., Wills, 802 F.2d at 873; Elchediak v. Heckler, 750 F.2d 892, 894 (11th Cir.1985) (per curiam); Penner v. Schweiker, 701 F.2d 256, 260-61 (3d Cir.1983); see also Social Security Ruling 91 5p ("issued to avoid the improper application of res judicata or administrative finality when the evidence establishes that a claimant lacked the mental capacity to understand the procedures for requesting review"). It is not sufficient, however, for Ms. London to allege merely that she suffered from a mental impairment at the time of the earlier decisions; she must show that the mental impairment eroded her ability to pursue her claims. See Wills, 802 F.2d at 873; Parker, 644 F.2d at 1203.

We note, as did the ALJ, that following Ms. London's motor vehicle accident, she was evaluated by a neurologist and found to be alert, oriented, and articulate, but totally amnesiac of the accident. Appellant's App. at 314. The same neurologist examined her in November 1983 upon her complaints of occipital headaches and made no findings of a significant mental impairment. See id. at 390. A CT head scan performed on May 17, 1991, was normal. See id. at 306. In March 1992, a

physician examined her and determined that she was "capable of making reasonable everyday social judgments." Id. at 400. Moreover, on May 6, 1992, Ms. London stated that she managed her own financial affairs by paying her bills with money orders. Id. at 307.

The ALJ adequately investigated Ms. London's claim that her mental impairment deprived her of the ability to understand or act upon notice of administrative procedures. Contrary to her contentions, there is no need to remand the matter for additional consideration of the claim. As a matter of law, Ms. London has suffered no due process violation.

## CONCLUSION

The district court properly dismissed Ms. London's nonconstitutional claims and affirmed the Secretary's decision not to open Ms. London's prior applications on the grounds of mental incompetency. The judgment of the district court is AFFIRMED. Ms. London's motion to proceed in forma pauperis on appeal is granted.

END OF DOCUMENT